# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ELVIS JONES, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV408-213 |
| ) | |
| AL ST. LAWRENCE, Sheriff, ) | |
| Chatham County Detention Center, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Elvis Jones, Jr., who is no stranger to this Court,[1] has filed a "Writ of Habeas Corpus" seeking to "appeal" to this Court a *state court ruling* denying his challenge to his "extradition to the State of California." Doc. 1 at 1. He also complains that "The [Georgia] Superior Circuit Eastern Judicial Circuit" ignored his request for assistance of counsel, so he would like this Court to grant him that request to help him "look behind the

---

[1] *See Jones v. St. Lawrence*, 2009 WL 82185 (S.D.Ga. Jan. 9, 2009) (unpublished) (civil rights action dismissed without prejudice as a sanction for misleading this Court); *Jones v. St. Lawrence*, 2008 WL 5142396 (S.D.Ga. Dec. 05, 2008) (unpublished) (42 U.S.C. § 1983-based, Eighth Amendment claim stated against deputy for inciting other inmates under her supervision to attempt to discipline him and another inmate for questioning her about dispensing razors).

warrant of the demanding state and inquire into the legality of his unlawful commitment [by the State of Georgia]. . . ." Doc. 1 at 6; Doc. 2 at 3.

Whether Jones's filing sounds under 28 U.S.C. § 2241 (the general habeas statute) or 28 U.S.C. § 2254 (governing petitions seeking federal habeas relief from a state court judgment), or if it in actuality seeks a Writ of Mandamus,[2] he in effect is attempting to appeal to this Court a state court judgment or is asking this Court to order that court to grant him relief as a mandamus remedy. Coming here instead of invoking available state appellate remedies, however, is a mistake. *See generally*, 17B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4252 (2008) ("The core of the rule laid down in *Younger v. Harris*, [401 U.S. 37 (1971),] and the other cases defining the doctrine of 'Our Federalism' is that a federal court, in the absence of unusual circumstances, cannot interfere with a pending state criminal

---

[2] *See, e.g., Bell v. Reynolds*, 2009 WL 152586 at *1 (D.S.C. Jan 06, 2009) (unpublished) (seeking a Writ of Mandamus, "[p]etitioner claims his rights have been violated by Aiken County General Sessions' failure to issue a writ of error coram nobis, and its failure to recuse Judge Doyet A. Early, III, who has denied Petitioner's applications for Post-Conviction Relief as successive").

2

prosecution") (footnotes omitted).³

Federal courts apply the *Younger* rule in habeas cases. *See, e.g., Davis v. Lansing*, 851 F.2d 72, 76 (2nd Cir. 1988) (The *Younger* rule applied, even though in form plaintiff was seeking habeas corpus rather than an injunction, where he was asking for "discharge" of the prosecution if the requested relief was not forthcoming). In that respect, Jones does not claim (as is his burden) that he is being denied an opportunity to present his federal claims before the state tribunal. *Id.*

The *Younger* rule, for that matter, dovetails with the *Rooker-Feldman* doctrine, which prohibits federal court review of state court orders. *Bell,* 2009 WL 152586 at * 2. Indeed, that doctrine "applies even when a challenge to a state court decision concerns a federal constitutional issue," and "even if the state court litigation has not reached a state's highest court." *Id.*

---

³ An encyclopedist notes

> two situations in which the federal courts will intervene prior to the completion of the state's criminal proceedings. The first is where the petitioner raises the double jeopardy defense. . . . The second is where the petitioner is seeking bail pending the completion of state proceedings.

41 AMJUR TRIALS § 349 (Nov. 2008).

Jones fails to inform this Court whether Georgia's highest court has reached his claims. His pleadings signal that he has impermissibly leapt off the state appellate ladder and filed for relief here. Hence, this Court should **DISMISS** Elvis Jones's "Writ of Habeas Corpus" filing without prejudice. Docs. 1-2. Meanwhile, the Court **DENIES** his request for appointment of counsel, doc. 1 at 6, as well as his motion for leave to proceed *in forma pauperis*. Doc. 3.

**SO ORDERED** this 23rd day of February, 2009.

*/s/ JMSmith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA